

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Gene Reynolds,
Complainant,

v.

Pete Geren,
Secretary,
Department of the Army,
Agency.

Appeal No. 0120063722[1]
Agency No. ARUSAR04DEC0842
Hearing No. 110-2006-00009X

## DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts complainant's appeal from the agency's April 12, 2006 final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* Complainant alleged that the agency discriminated against him on the bases of race (Caucasian), sex (male), disability, age (D.O.B. 03/08/42), and in reprisal EEO activity (arising under Title VII) when:

1. On December 13, 2004, he was presented with a performance appraisal that contained derogatory and demeaning information about his work performance; and

2. From July 2004 to February 22, 2005, his supervisor showed favoritism in the assignment of job duties by denying him the opportunity to travel on temporary

---

[1] Due to a new data system, this case has been redesignated with the above referenced appeal number.

*Exhibit 1*

duty, while other employees with less experience, including summer interns, were allowed to travel.²

Complainant timely requested a hearing before an EEOC Administrative Judge (AJ) which was held on March 22, 2006. The AJ concluded that complainant had failed to establish a *prima facie* case of discrimination on any alleged basis. The agency adopted the AJ's decision as it own in its final order.

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. National Labor Relations Brd.*, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. *See Pullman-Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a *de novo* standard of review, whether or not a hearing was held. On the other hand, the AJ's credibility determinations based on the demeanor or tone of voice of the witnesses will be accepted unless documents or other objective evidence so contradicts the testimony, or the testimony so lacks in credibility that a reasonable fact finder would not credit it. *See* EEOC Management Directive 110, Chapter 9, § VI.B. (Nov. 9, 1999).

At the onset, we note that some of the hearing testimony was telephonic. We have recently held that testimony may not be taken by telephone in the absence of exigent circumstances, unless at the joint request of the parties and provided specified conditions have been met. *See Louthern v. United States Postal Serv.*, EEOC Appeal No. 01A44521 (May 17, 2006); *Sotomayor v. Dep't of Army*, EEOC Appeal No. 01A43440 (May 17, 2006); *Rand v. Dep't of Treasury*, EEOC Appeal No. 01A52116 (May 17, 2006).³ However, as the facts of this case

---

² Complainant withdrew his allegations of race and sex discrimination with regard to this second claim.

³ In *Louthen*, the Commission promulgated its policy regarding the taking of telephonic testimony in the future by setting forth explicit standards and obligations on its Administrative Judges and the parties. *Louthen* requires either a finding of exigent circumstances or a joint and voluntary request by the parties with their informed consent. When assessing prior instances of telephonic testimony, the Commission will determine whether an abuse of discretion has occurred by considering the totality of the circumstances. In particular, the Commission will consider factors such as whether there were exigent circumstances, whether a party objected to the taking of telephonic testimony, whether the credibility of any witnesses testifying telephonically is at issue, and the importance of the testimony given telephonically. In *Sotomayor*, we further held that where telephonic testimony was improperly taken, the Commission will scrutinize the evidence to determine whether the error was harmless.

3                                                           0120063722

pre-date our decisions regarding telephonic hearings, we assess the AJ's conduct in holding a telephonic hearing by considering the totality of the circumstances. *See Villanueva v. Dep't of Homeland Sec.*, EEOC Appeal No. 01A34968 (Aug. 10, 2006).

As such, we find that exigent circumstances may have existed because at least one of the two witnesses who testified by telephone was in a remote location. Regardless of this fact, we also find that the AJ's decision did not rest entirely on the credibility of the telephonic witnesses. The AJ referred to the testimony of the two witnesses several times in her decision; however, she did not base her decision solely on their testimony, but rather on other evidence in the record.

Turning now to the merits of the case, we conclude that substantial evidence supports the AJ's factual findings. Even if we assume that complainant is an individual with a disability and presented *prima facie* claims of discrimination, we still find that he has not rebutted the agency's proffered non-discriminatory explanations. We further find that complainant has presented no new, persuasive arguments on appeal in support of his claims.[3] We remind complainant that his burden is to provide substantive proof that the explanations are merely pretextual and that management acted the way it did because complainant is a Caucasian man, over 40, disabled and/or with a history of protected activity. Similarly with regard to his harassment claim, we find that even if the alleged conduct was severe and pervasive, the claim fails because complainant has not shown that management's actions were motivated by discriminatory animus. *See Oakley v. United States Postal Serv.*, EEOC Appeal No. 01982923 (Sept. 21, 2000) (applying *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993)).

---

[3] We note that in the short statement attached to his Notice of Appeal, complainant states that he was going to submit to the Commission "additional information... to support all his claims of willful and intentional discrimination" within thirty days. Complainant never did so.

In addition, we note that complainant raised for the first time in his appeal statement that he had been discriminated against and harassed because of his inability to speak after a tracheotomy. **Error! Main Document Only.**As a general rule, the Commission does not consider new evidence on appeal unless there is an affirmative showing that the evidence was not reasonably available prior to the investigation or during the hearing process. *See* EEO Management Directive 110, Ch. 9 § VI.A.3 (1999); *see also* Federal Sector Equal Employment Opportunity, 64 Fed. Reg. 37,654 (July 12, 1999) ("[N]o new evidence will be considered on appeal unless the evidence was not reasonably available during the hearing process"). Although the Commission may supplement the record pursuant to 29 C.F.R. § 1614.405(b), we have chosen to exercise this right "only in rare instances to avoid a miscarriage of justice," such as when the record is so incomplete as to require remand to the agency in order to complete the investigation. EEO Management Directive 110, Ch. 9 § V.C (1999). We find no such need here.

0120063722

Accordingly, after a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to affirm the final agency order because the Administrative Judge's ultimate finding, that unlawful employment discrimination was not proven by a preponderance of the evidence, is supported by the record.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title.

5                                                         0120063722

Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

OCT 2 2 2007
_____
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Gene Reynolds
2896 Concord Ct #2
A-6
East Point, GA  30344

Spurgeon A. Moore, Director
EEO Compliance & Complaints Review
Department of the Army
1901 South Bell Street
Crystal Mall 4, Suite 109B
Arlington, VA 22202-4508

OCT 2 2 2007
_____
Date

_____
Equal Opportunity Assistant